UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROL B.,

　　　　　　　　Plaintiff,

　　v.

COMMISSIONER OF SOCIAL SECURITY,

　　　　　　　　Defendant.

CASE NO. C19-858-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff Carol B. seeks review of the denial of her application for Disability Insurance Benefits. She contends the ALJ erred in rejecting the opinion of her treating physician and her subjective complaints and thereby erred in assessing her residual functional capacity. Dkt. 10. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

**A.　　Dr. Kanjo's opinion**

Plaintiff argues that the ALJ erred by rejecting the opinions of treating physician Zayan Kanjo, M.D. Dkt. 10 at 3. In general, the ALJ must give specific and legitimate reasons for rejecting a treating doctor's opinion that is contradicted by another doctor, and clear and
ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 1

convincing reasons for rejecting a treating doctor's uncontradicted opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

Dr. Kanjo completed a functional assessment in April 2012 in which he opined that plaintiff could lift a maximum of 20 pounds and frequently lift 10 pounds. Tr. 547. He wrote in April 2013 that plaintiff had severe arthritis and had applied for disability; it was his judgment that she could not return to work. Tr. 559. In a March 2012 treatment note, he opined that she could not return to her past work as a meat cutter, stating: "It is my judgment that she is incapacitated for her duties as a meat-cutter in a cold environment." Tr. 615. The ALJ gave these opinions significant weight to the extent they supported the ALJ's residual functional capacity finding but stated that issues of disability are reserved to the Commissioner and the vocational expert was able to identify jobs that plaintiff could perform at a restricted level of light work. Tr. 28.

Dr. Kanjo also completed a medical source statement in October 2013 in which he opined that plaintiff could sit and stand or walk for less than 2 hours in an 8-hour workday, she could occasionally lift 10 pounds, and she could occasionally reach, frequently handle, and rarely finger; he opined she was "unable to work secondary to rheumatoid arthritis."[1] Tr. 681. The ALJ gave this opinion little weight, finding that the physical examinations did not support the assessment of standing and walking restrictions, particularly the findings where she demonstrated an intact gait with normal motor strength and the more recent records that show full weightbearing with no assistive device and no significant limp. Tr. 28. The ALJ also found that Dr. Kanjo's own treatment record noted that plaintiff had normal movement in all her

---

[1] Rheumatoid arthritis is not one of plaintiff's medically determinable impairments; she has the medically determinable severe impairment of generalized osteoarthritis. Tr. 23.

extremities, which the ALJ found to be inconsistent with such a restrictive residual functional capacity. *Id.*

Plaintiff argues that the findings the ALJ cited to in rejecting Dr. Kanjo's opinion that she could perform less than sedentary work were measures of plaintiff's performance on one-time maneuvers in a clinical setting and gave no picture of her ability to sit, stand, or walk for prolonged periods of time. Dkt. 10 at 5. She asserts that Dr. Kanjo based his opinion on his observations of plaintiff over several years, her subjective reporting to him, and his understanding of the disease process and the likelihood of any significant improvement. *Id.*

An ALJ may give less weight to an opinion that is inconsistent with other evidence in the record. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ cited to records that included Dr. Kanjo's treatment note from June 2013, where he noted plaintiff's musculoskeletal system had overall normal findings and she had normal gait and stance, and his November 2015 treatment note, where he documented normal movement of all extremities. Tr. 656. The ALJ could rationally conclude that Dr. Kanjo's opinion was inconsistent with these findings. And although plaintiff proposes reasons the ALJ could have given weight to Dr. Kanjo's opinion, the Court cannot accept her proposed interpretation over the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The ALJ was not required to discount the clinical findings because they were "one-time maneuvers" or to accept Dr. Kanjo's opinion for the reasons plaintiff proposes.

Plaintiff also notes that she had spinal fusion surgery three months after Dr. Kanjo gave this opinion and argues that the ALJ erred by failing to consider the evidence in light of this surgery. Dkt. 10 at 5. However, plaintiff does not cite to any records documenting functional

limitations from that surgery, and the Court finds no error in the ALJ's failure to speculate on the impact of the upcoming surgery on Dr. Kanjo's opinion.

Finally, plaintiff argues that the ALJ failed to explain why he rejected Dr. Kanjo's opinions on plaintiff's reaching, handling, and fingering limitations. Dkt. 10 at 5. However, the ALJ gave valid reasons for giving little weight to the opinion; he was thus not required to explain the reasons for the weight he gave to each specific component. And the ALJ included some limitations in these areas: occasional overhead reaching with the left arm, frequent bilateral overhead reaching with the right arm, and frequent bilateral fingering. Tr. 25. The ALJ gave specific and legitimate reasons, supported by substantial evidence, to discount Dr. Kanjo's October 2013 opinion, and included the limitations the ALJ found to be supported by substantial evidence in the record. The Court finds no error in the ALJ's assessment of Dr. Kanjo's opinion.

### B. Plaintiff's allegations

Plaintiff argues that the ALJ erred in evaluating her subjective allegations about her osteoarthritis and her back impairment. Dkt. 10 at 6. Specifically, plaintiff argues that the ALJ failed to discuss her allegations about the impact of her osteoarthritis on her ability to use her hands and failed to give valid reasons for rejecting her allegations about the impact of her back impairment. Dkt. 10 at 8-9.

Where, as here, the ALJ did not find that plaintiff was malingering, the ALJ must provide clear and convincing reasons to reject her testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834. Although the ALJ can consider whether the objective medical evidence supports the claimant's

subjective allegations, a lack of such support cannot be the sole reason for discounting subjective complaints. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ found that the objective medical evidence did not support limitations greater than in the residual functional capacity finding. Tr. 26. The ALJ discussed imaging results, examination findings, surgical procedures, and other treatment records, finding that "the longitudinal medical evidence suggests that the residual functional capacity adequately accounts for the claimant's limitations due to her impairments." Tr. 26-27. The ALJ further found that plaintiff's "subjective reported history cannot substitute for the objective medical evidence contained in the record, which provides a more accurate longitudinal history of the claimant's conditions." Tr. 27-28. The ALJ did not give any other reasons for discounting plaintiff's subjective allegations. Without any other reason given, the ALJ's assessment of the objective medical evidence is insufficient to reject plaintiff's testimony. Accordingly, this case must be remanded for reevaluation of plaintiff's subjective allegations.

As noted above, plaintiff argues that the ALJ failed to address her allegations about the impact of her osteoarthritis on her ability to use her hands, arguing that the ALJ cited to only one irrelevant treatment note in addressing her hand limitations. Dkt. 10 at 8. Plaintiff also argues that the ALJ cherry-picked from the evidence related to her back impairment, citing to only evidence with mild findings while ignoring evidence with more significant findings. Dkt. 10 at 13. Plaintiff takes issue with the way the ALJ interpreted the evidence. But the Court cannot direct the ALJ on remand to interpret the evidence in the manner plaintiff proposes, or in any particular manner. Rather, the Court directs the ALJ to conduct a thorough assessment of the objective evidence as part to the reevaluation of plaintiff's subjective allegations. The ALJ must provide clear and convincing reasons, supported by substantial evidence, for any decision to

discount plaintiff's subjective allegations, and may not rely solely on the objective medical evidence for any such decision.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate plaintiff's residual functional capacity, including a reassessment of plaintiff's subjective allegations and redo the remainder of the five-step disability evaluation process. The ALJ shall further develop the record as the ALJ deems necessary and appropriate to make a new decision in this case.

DATED this 13th day of January, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge